East'n District.
*May*, 1823.

STATE OF LOU-
ISIANA
*vs.*
ARMSTRONG &
AL.

---

### WILLIAMS vs. TREPAGNIER & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner avers that he is the *bona fide* holder of a note made on the 24th August, 1813, in the parish of St. Jean Baptiste, by George Weimprender in favor of Achille Trouard, for $10,000, being the obligation given for the third instalment of the purchase money of a

A judgment is not evidence against third parties of the truth of facts on which it was rendered.

East'n District.
*May*, 1823.

WILLIAMS
*vs.*
TREPAGNIER
& AL.

plantation bought of the payee of said note, which was transferred to him the petitioner, with all its rights, privileges and mortgages.

That the plantation which was mortgaged, to assure the payment of the price agreed to be paid by said Weimprender, has been seized and sold by the sheriff of St. Jean Baptiste, at the suit of Edward Livingston and Joseph Perret, and that a certain Etienne Trepagnier became the purchaser.

That Livingston and Perret have issued an execution on the bond of Trepagnier for the purchase money of the plantation, and are about to collect and appropriate it to their own use—though the petitioner has a right to be paid out of this purchase money in preference to these persons.

He concludes by praying that Trepagnier may be condemned to pay him $10,000, with interest and costs; and that it may be decreed, that Perret and Livingston's claims to the proceeds of this bond should be postponed until the petitioner's demand is paid and satisfied.

The defendants, Livingston and Perret, plead the general issue.

Trepagnier denies the allegations of the plaintiff, and affirms that he has always been

willing to pay the purchase money to whom-
soever the court might direct, as soon as the
irregularities and incumbrances, of which the
respondent has complained in his petition
against Perret and Livingston, shall be remov-
ed ; and he prays that these cases may be con-
solidated with the present.

East'n District.
May, 1823.

WILLIAMS
vs.
TREPAGNIER
& AL.

They were consolidated by an order of court,
and in a short time after discontinued. It is
contended that this discontinuance had the
effect of putting an end to the present suit.

We are not of that opinion. The plaintiff
states Trepagnier to be his debtor, and that
other persons claim the money in preference
to him. He makes these persons defendants.
They appear and answer as such, and the
parties are thus before the court, with the
rights attached to the respective characters
in which they present themselves. To per-
mit the defendants to get other cases consoli-
dated with that in which they were sued, and
then turn the plaintiff out of court by dismis-
sing these cases, would be permitting that to
be done indirectly, which the law would not
authorize directly, and would be virtually de-
ciding that the latter could only get his plaint

East'n District.
   *May,* 1823.

WILLIAMS
  *vs.*
TREPAGNIER
  & AL.

investigated when it pleased the former to permit him.

The first question presented is, whether the plaintiff has established his right as assignee of the debt he sues for. In deciding it we have found it necessary to distinguish between the parties defendant. The plaintiff introduces a judgment against Weimprender, the principal debtor—the note purporting a mortgage and parol evidence. As against Trepagnier who stands before the court as third possessor, this is enough. A positive provision of our code has made the judgment, act of mortgage, and oath of the creditor, sufficient to entitle the mortgagee to the extraordinary remedy of seizure and sale. The same evidence we consider good in an ordinary action, without the creditor's oath, as ample time is given to the person sued to disprove these facts, which *prima facie* make out a case against him. But, in regard to the effect which the judgment should have against persons other than third possessors, a quite different question is presented. The old and often applied maxim, that *res inter alios acta non nocet*, stands in the way of making parties rights depend on what is done between others. We had

occasion to enter fully into this subject, in the case of *Breedlove & Bradford* vs. *Turner*, 9 *Martin*. The judgment here produced, is evidence against the whole world that such a judgment was rendered, but it makes no proof against third parties of the truth of the facts on which it purports to be rendered.

East'n District.
*May*, 1823.

WILLIAMS
vs.
TREPAGNIER
& AL.

Two witnesses were introduced on the part of the plaintiff. The one swears that it is fifteen years since he saw the indorser write, and does not think the signature, on the back of the note, is in his hand writing. The other does not state he ever saw Trouard write, but that he has had frequent opportunities to see his signature to documents, returns to commissions, &c. and that he " should take" the signature shown him to be the same as that subscribed to the documents. He declares, on cross-examination, that he would not receive in the course of business a note with a signature written in the same manner, without inquiry. It is our opinion that this evidence is too weak to establish the hand writing of the payee. One witness negatives the fact and the other is not certain of it.

This failure of the plaintiff to make out his case against the co-morgagees, renders it im-

East'n District.
May, 1823.

WILLIAMS
vs
TREPAGNIER
& AL.

proper to give final judgment against the third possessor. As the case stands, we see by the pleadings that there are several persons who set up conflicting claims to the amount due on this bond, and it is necessary these claims should be settled before Trepagnier is condemned to satisfy any of them. This cannot be done now, for the plaintiff is as two of them, out of court, and a judgment against Trepagnier would not be binding on them. We see no way to do justice between the parties but to remand the case for a new trial.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the case be remanded for a new trial, and that the appellee pay the costs of the appeal.

*Hennen* for the plaintiff, *Livingston* & *Denis* for the defendants.